**IN THE UNITED STATES DISTRICT COURT**
**FOR NORTHERN  DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**KECIA BROOKS,**

     **Plaintiff,**

**v.**

**CITY OF ATLANTA, GEORGIA**
**and individually KRISTIN EDWARDS**
**and PHILLANA WILLIAMS**

    **Defendants.**

**Civil Action No.:**

  **<u>Jury Trial Demanded</u>**

## <u>COMPLAINT</u>

COMES NOW Plaintiff, Kecia Brooks, by and through her undersigned counsel and files this lawsuit against Defendants City of Atlanta, Georgia and Kristin Edwards and Phillana Willams, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended, for overtime violations.

### I.  JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§1331, 1332, 1337, 1338, 1343(a) (4) 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as both Defendants conduct business in this District and as a substantial part of the events or omissions giving rise to the claims that occurred in this District.

3.  Plaintiff asserts state-based claims under the supplemental jurisdiction of this court, pursuant to 28 U.S.C. §1367, to hear and decide claims arising under the laws of the State of Georgia.  Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2003-5(g).

## II.  STATEMENT OF CLAIMS

4.  The instant lawsuit is for relief for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended.

## III.  PARTIES

5.  Plaintiff Kecia Brooks (hereinafter, "Plaintiff" or "Ms. Brooks") is a resident of Gwinnett County, Georgia (within this District).

6.  Ms. Brooks was employed by Defendants, City of Atlanta, Georgia and Kristin Edwards, Manager of Nightlife and Culture at the City of Atlanta's Office of Film, Entertainment and Nightlife (hereinafter, "Defendants").

7.  Plaintiff is covered by §§ 203, and 207 of the FLSA for the period in which they were employed by Defendants.

8.  Defendant City of Atlanta, Georgia is a municipality of the State of Georgia and is responsible for the funding and operation of the Atlanta City government. The City may be served with this Complaint by service upon Mayor Andre Dickens at 55 Trinity Avenue SW, Atlanta, Georgia 30303, and is subject to the jurisdiction of this court.

9.  Defendant, Phillana Williams, is the Director of the City of Atlanta's Office of Film, Entertainment, Nightlife & Culture. She may be served with process at 55 Trinity Avenue, SE Atlanta, GA 30303, and she is subject to the jurisdiction of this court.

10. Defendant, Kristin Edwards, is a Manager of the City of Atlanta's Office of Film, Entertainment, Nightlife & Culture. She may be served with process at 55 Trinity Avenue, SE Atlanta, GA 30303, and she is subject to the jurisdiction of this court.

11. Defendants conduct business within this State and District, and at all times relevant to this lawsuit managed employees, such as Plaintiff. As such, Defendants are subject to the jurisdiction of this Court.

12. Defendants are employers as defined by § 203(d) of the FLSA. Defendants are subject to the provisions of the Fair Labor Standards Act of 1938, as amended, and the laws of the state of Georgia.

13. Ms. Brooks was, at all times relevant to this action, an "employee" of the Defendants as defined at § 203(e)(1) of the FLSA, and is entitled to the protections provided thereunder.

14. Defendants were provided several opportunities to resolve the concerns described herein prior to the filing of this lawsuit.

## IV.  GENERAL ALLEGATIONS

15. Ms. Brooks has been employed by the City of Atlanta since November 20, 2014. She was first employed as 911 Operator at the City of Atlanta Police Department.

16. In 2016, Ms. Brooks was transferred to the City's Department of Public Works, where she worked as Data Reporting Analyst until December 2022.

17. Ms. Brooks is currently employed by the City of Atlanta's Office of Film & Entertainment, Nightlife & Culture, as a Community Program Analyst.

18. During her employment as a Data Reporting Analyst and a Community Program Analyst, she was paid a salary and was not required to clock in or sign in to track the hours she worked.  The City misclassified her as a salaried exempt worker in both positions.

19. Plaintiff's primary duties do not involve managing a recognized department or subdivision.  She did not supervise at least two full-time employees or have authority over hiring and firing decisions, making the executive exemption inapplicable.

20. Plaintiff's duties primarily involve supporting tasks that do not require the exercise of discretion and independent judgment on matters of significance, nor do they involve managing a business or department.

21. Plaintiff's primary job duties as a Data Reporting Analyst were customer-facing tasks involving work with citizens; including fielding complaints about solid waste services, receiving code violation complaints, data collection, data entry, and monthly report generation using established templates.

22. Plaintiff's primary job duties as a Community Program Analyst were customer-facing tasks involving work with businesses and citizens; including fielding complaints about business licensing, receiving code violation complaints, onsite visits, data collection using a checklist, data entry, and monthly report generation using established templates. (See Exhibit A - Assessment Checklist and Exhibit B - Phone Script)

23. None of these duties involved the exercise of discretion and independent judgment with respect to matters of significance, and her primary duties did not directly relate to the internal management or general business operations of the City of Atlanta.

24. Some of the duties required Ms. Brooks to work late evenings when the nightlife businesses were open, including on-site assessments. Ms. Brooks was typically accompanied by a manager from the office during assessments conducted after 5:15pm. (See Exhibit C - Email Scheduling Late Hour Assessment)

25. Ms. Brooks directed her requests for a review of her compensation to Director Phillana Willams on March 27, 2024, and to Manager Kristin Edwards on April 26, 2024.

26. The City refused to review and adjust her compensation to accurately reflect her non-exempt status. The City's failure to do so further exposed it to liability for unpaid overtime wages under the FLSA.

27. Plaintiff's effective hourly rate in her Community Program Analyst position is $30.95. From July 20, 2021, to May 30, 2024, Ms. Brooks worked over 40 hours a week, including her working lunches, as well as duties performed outside of regular business hours (8:15 am - 5 pm) and on weekends.

28. She worked an average of 25 extra hours per week beyond her regular 40-hour work week for a total of 65 hours weekly. After working 40 hours, the remaining 25 hours worked should have been paid at time and a half ($46.35) because she does not meet the qualifications for any exemptions under the Fair Labor Standards Act.

29. The 25 hours of unpaid overtime she accumulated weekly for the 77 weeks of her Community Program Analyst position amounts to $89,223.75.

30. Plaintiff's effective hourly rate in her Data Reporting Analyst position was $23.26. From May 12, 2021, to December 8, 2022, Ms. Brooks worked over 40 hours a week, including

her working lunches, as well as attendance at Neighborhood Planning Unit ("NPU") meetings on evenings during her work week.

31. She worked an average of 6 extra hours per week beyond her regular 40-hour work week for a total of 46 hours weekly.  After working 40 hours, the remaining 6 hours worked should have been paid at time and a half ($34.90) because she does not meet the qualifications for any exemptions under the Fair Labor Standards Act.

32. In total, Ms. Brooks is owed $106,394.55 for 2,417 hours of unpaid overtime, plus liquidated damages of $106,394.55 and reasonable attorney's fees.

| Unpaid Overtime Wages | | | | |
|---|---|---|---|---|
| | Overtime Hours Worked per Week | Overtime Rate | # of Weeks Owed | TOTALS AMOUNT OWED |
| ONL- December 8, 2022 thru May 30, 2024 | 25 | $46. 35 | $ 89,223.75 (77 weeks) | $89,223.75 |
| DPW - May 12, 2021 thru December 2022 | 6 | $34.90 | $17,170.8 (82 weeks) | $17,170.80 |
| | | | | **$106,394.55** |

33. This calculation does not include the 4th year of unpaid overtime recoverable under the 4 year statute of limitation for *quantum meruit* claims.  From May 11, 2020, to May 11, 2019 (the fourth year), Ms. Brooks worked approximately 6 hours of unpaid overtime each week for 52 weeks and is owed an additional $10,888.80.

34. FLSA requires employers to pay overtime for hours worked in excess of forty (40) in a workweek of at least one and one-half times their appropriately calculated regular rates of

pay.   Accordingly, Ms. Brooks is unequivocally entitled to full payment for overtime hours worked, and she does not qualify for any of the recognized exemptions from the protections of FLSA.

35. Ms. Brooks did not supervise any employees and had no authority to hire, fire, promote, or discipline employees.

36. Plaintiff's work did not involve the performance of duties directly related to management or general business operations. To the extent that her work required any judgment at all, her judgment was limited to choices within set policies,  guidelines, and scripts.

37. Ms. Brooks regularly worked more than 40 hours a week and should have been paid an hourly non-exempt rate during the entire course of her employment.

38. Defendants deliberately avoided paying Ms. Brooks her full compensation earned by refusing to pay Ms. Brooks for all hours worked in excess of 40 hours each week.  This practice is illegal under the Fair Labor Standards Act.

39. The Fair Labor Standards Act requires employers to pay overtime for hours worked in excess of forty (40) in a workweek of at least one and one-half times their appropriately calculated regular rates of pay.


## V.   CAUSES OF ACTION

### COUNT ONE
### FAILURE TO PAY OVERTIME

40. Plaintiff repeats, re-alleges, and reiterates the foregoing allegations set forth in the preceding paragraphs, as set forth herein, and states:

41. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203, and 207 of the FLSA.

42. Plaintiff was not an exempt employee under FLSA.

43. Defendants deliberately avoided paying Ms. Brooks her full compensation earned by failing to compensate Ms. Brooks for all hours worked in excess of 40 hours per week.

44. Defendants were aware that it could not lawfully deny Plaintiff her appropriately calculated overtime wages.

45. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's overtime compensation.

46. As a result of Defendants' violations of the FLSA, Plaintiff suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

47. As a result of the unlawful acts of Defendants, Ms. Brooks was deprived of overtime compensation in an amount to be determined at trial and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

**COUNT TWO**
**BREACH OF CONTRACT**

48. Plaintiff incorporates all allegations contained in the foregoing paragraphs, as set forth herein and states:

49. Defendants entered into valid and enforceable contracts to pay the Plaintiff for all hours worked.

50. Plaintiff was to be paid the specified rate identified on their pay records for each hour worked.

51. Plaintiff performed work on behalf of Defendants as agreed, but Defendants failed to pay the wages they were required to pay as a result of the policies identified above.

52. Defendants had both actual and constructive knowledge that Plaintiff performed work without full payment of her overtime.

53. Plaintiff performed the work at Defendant's direction and for Defendant's benefit.

54. Consequently, Defendants are liable to the Plaintiff.

**COUNT THREE**
**QUANTUM MERUIT**

55. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

56. Valuable services were rendered to Defendants by Plaintiff and similarly situated employees.

57. The services were accepted, used and enjoyed by Defendants.

58. A reasonable person would have expected to compensate Plaintiff for such use and enjoyment.

59. Plaintiff had a reasonable expectation of receiving compensation for the services that were rendered.

**COUNT FOUR**
**UNJUST ENRICHMENT**

60. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

61. Defendants have been unjustly enriched at the expense of Plaintiff by failing to pay for work performed by Plaintiff.

62. Defendants knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff, despite its policy and practice of failing to pay Plaintiff for such work.   In particular, Defendants received the benefit of the labor and services provided by Plaintiff.

63. Such conduct demonstrates bad faith and undue advantage on the part of Defendants.

64. It would be unjust and inequitable for Defendants to retain the benefit of the unpaid work performed by Plaintiff.

**COUNT FIVE**
**FLSA RETALIATION**

65. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint. \

66. On July 19, 2024, Plaintiff's counsel emailed Defendant a demand containing a detailed explanation of Plaintiff's FLSA claims and thereafter engaged in an ongoing discussion regarding their merits.

67. On July 30, 2024, Plaintiff sent Defendant a draft of her court complaint. On September 6, 2023, further communicated with the Defendant detailing the merits of her FLSA claims.   The repeated communications and discussions challenging Defendant's unlawful practices all constitute protected activity for purposes of the non-retaliation provisions of the FLSA.

68. The City took retaliatory adverse action against Ms. Brooks on September 18, 2024, when it instructed her via email that she could not use her accrued annual leave and sick time to avoid income interruption during her approved FMLA leave.

69. There is no legitimate business reason or hardship that would justify preventing Plaintiff from using her accrued vacation and sick leave while she is out on FMLA.

70. Defendant subjected Plaintiff to adverse action that could reasonably dissuade an employee from complaining in the future, including refusing to allow her to use her own accumulated leave time and threatening to terminate her under the guise of job abandonment for delay in processing of her leave requests that were attributed to Defendant's health insurance carrier.

71. There is a causal relationship between the adverse actions taken against Plaintiff and her complaints about Defendant's FLSA violations.

**PRAYER FOR RELIEF**

72. Wherefore, Plaintiff prays that process is issued according to law and demands judgment against Defendants as follows:

    a. All damages that may be awarded under FLSA, and Georgia law, including general compensatory damages;

    b. Special damages;

    c. Injunctive relief preventing and prohibiting Defendants from engaging in its present practices in violation of the laws cited herein;

d.  Recovery from Defendants the expenses of this litigation, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C §1988(b).

e.  Unpaid overtime compensation for work performed, an equal amount of liquidated damages including, reasonable attorneys' fees, litigation costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

f.  Such other and further and different relief as this court deems just and appropriate.

Respectfully submitted this 3rd day of October 2024

/S/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
Tel./Fax 877-443-0999
alizana@attorneylizana.com

**ATTORNEY FOR PLAINTIFF**